NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. SHANE MAURITZ VANDERGROEN, Defendant - Appellant. | No. 19-10075 D.C. No. 4:18-cr-00133-PJH-1 MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted May 13, 2020
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,** District Judge.

In a concurrently filed opinion in this case, we address Vandergroen's argument that the police lacked reasonable suspicion to stop him, and affirm the district court's denial of the motion to suppress with respect to that issue. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the Southern District of New York, sitting by designation.

address here Vandergroen's other arguments supporting reversal of his conviction, none of which are availing.

First, we reject Vandergroen's argument that the police's conduct when stopping him rose to the level of an arrest.[1] To determine whether a stop has transformed into an arrest, we consider the totality of the circumstances, *United States v. Rousseau*, 257 F.3d 925, 929 (9th Cir. 2001), including whether the police employed "intrusive techniques," and if so, the "reasonableness" of this conduct, *Washington v. Lambert*, 98 F.3d 1181, 1188 (9th Cir. 1996). Although the police used quite aggressive tactics over the course of their stop of Vandergroen, such tactics were reasonable in light of the police's reasonable suspicion that Vandergroen was armed and Vandergroen's lack of cooperation with commands. *Id.* at 1189 & n.16 (noting that a combination of a suspect's being armed and uncooperative can "justify the use of aggressive police action without causing an investigatory stop to turn into an arrest"). Thus, the police's tactics here did not transform the stop into an arrest.

Second, we conclude that the frisk of Vandergroen for weapons during the stop was permissible. "[A] frisk of a person for weapons requires reasonable suspicion that a suspect 'is armed and presently dangerous to the officer or to

---

[1] We thus do not reach the question of whether there was probable cause to arrest Vandergroen.

others.'" *Thomas v. Dillard*, 818 F.3d 864, 876 (9th Cir. 2016) (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968)). Vandergroen argues that even if the police had reasonable suspicion that he was "armed," they did not have reasonable suspicion that he was "presently dangerous." We have held, however, that "reasonable suspicion that [a suspect] was carrying a gun . . . is all that is required for a protective search under *Terry*." *United States v. Orman*, 486 F.3d 1170, 1176 (9th Cir. 2007). Thus, the search was warranted based on the 911 call providing police with reasonable suspicion that Vandergroen was carrying a gun.

Third, we hold that the warrantless search of Vandergroen's car was permissible as a protective search under *Michigan v. Long*, 463 U.S. 1032 (1983). *Long* provides that police may search limited portions of a vehicle for weapons in the course of a *Terry* stop where they have a reasonable suspicion "that the suspect is dangerous and the suspect may gain immediate control of weapons." *Id.* at 1049. This requirement is satisfied here. The police had reasonable suspicion that Vandergroen could gain immediate control of a gun in his car because they reasonably believed he had a gun somewhere in his possession and had not found one upon a frisk of his person. Although Vandergroen was handcuffed and in the back of a police car during the car search, he would have gained immediate access to this weapon if the police had released him after finding no open warrants and no weapon on his person. *See id.* at 1051-52 (holding that the immediacy prong is

3

satisfied for a suspect "effectively under [police] control" where, "if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside"). Furthermore, the police reasonably suspected that Vandergroen was dangerous based on his failure to cooperate and his access to a gun.

Fourth and finally, we reject Vandergroen's challenge to his conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* clarified that an individual must know of his felon status at the time he possessed a firearm in order to be convicted of being a felon in possession under 18 U.S.C. § 922(g). *Id.* at 2194. Neither the indictment nor the trial judge's recitation of the elements of § 922(g) in this case, both of which preceded *Rehaif*, included this knowledge of status element. We review Vandegroen's *Rehaif*-based sufficiency-of-the-evidence claim, which was not raised below, for plain error. *United States v. Johnson*, No. 17-10252, 2020 WL 3458969, at *2 (9th Cir. June 25, 2020) (citing *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019)). To succeed under this standard, Vandergroen must show: (1) an error; (2) that was obvious; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court's failure to include the knowledge of status element satisfies the first two prongs of plain error review. *Benamor*, 937 F.3d at 1188-89.

Even assuming this error affected Vandergroen's substantial rights, however, Vandergroen has failed to demonstrate prong four is met due to the "overwhelming and uncontroverted . . . evidence" in the record as a whole that Vandergroen knew of his status as a convicted felon. *Johnson*, 2020 WL 3458969, at *5. At the time the police found the gun in Vandergroen's car, he had already been convicted of two felonies and sentenced to a prison term of over one year for each. Furthermore, one of those convictions was for being a felon in possession. Taken together, this evidence means Vandergroen cannot satisfy the fourth prong of plain error review. *See id.* ("[U]ncontroverted evidence that a defendant was sentenced to more than a year in prison . . . will ordinarily preclude a defendant from satisfying the fourth prong of plain-error review."); *Benamor*, 937 F.3d at 1189 (holding that a defendant's prior conviction for being a felon in possession of a firearm similarly indicated that the fourth prong was not satisfied).

**AFFIRMED.**